NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DRAGON INTELLECTUAL PROPERTY, LLC,**
*Appellant*

**v.**

**DISH NETWORK LLC, SIRIUS XM RADIO INC.,**
*Appellees*

---

2016-2468, 2016-2492

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2015-00499, IPR2015-01735.

---

Decided: November 1, 2017

---

LEI MEI, Mei & Mark LLP, Washington, DC, argued for appellant. Also represented by LAURENCE M. SANDELL.

ELIOT DAMON WILLIAMS, Baker Botts LLP, Palo Alto, CA, argued for appellee DISH Network LLC. Also represented by GEORGE HOPKINS GUY, III; JAMIE ROY LYNN, Washington, DC.

MARK BAGHDASSARIAN, Kramer Levin Naftalis & Frankel LLP, New York, NY, argued for appellee Sirius XM Radio Inc. Also represented by SHANNON H. HEDVAT.

———————————

Before MOORE, MAYER, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Appellees Dish Network LLC and Sirius XM Radio Inc. (collectively, "Dish") sought inter partes review of claims 1–4, 7–10, 13, and 14 of U.S. Patent No. 5,930,444 before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board. The Board instituted review and, in its final written decision, found all of the challenged claims obvious over the prior art. Dragon Intellectual Property, owner of the '444 patent, appeals the Board's decision. We affirm.

## BACKGROUND

The '444 patent discloses a "simultaneous recording and playback apparatus." '444 patent col. 1 ll. 1–2. The patent explains that the apparatus allows a user who missed a portion of a live broadcast due to a brief interruption (e.g., a telephone call) to record the missed portion. At the end of the interruption, the user can then immediately watch the missed portion without having to either "watch the recorded interrupted portion of the programming after having watched the end of the programming" or skip watching the recording altogether due to its diminished value after having seen the end of the programming. *Id.* at col. 1 ll. 56–58. Dragon explains that this feature is similar to the "live pause" function of many digital video recorder devices available today.

The independent claims at issue are claims 1 and 14.[1] Claim 1 recites:

1.   A recording and playback apparatus for the substantially immediate and seamless resumption of interrupted perception of broadcast program information based upon audio or video signals, or both, without missing the program information presented during the interruption, comprising:

means for powering the apparatus;

a keyboard having a record key and a playback key;

a control circuit coupled responsively to said keyboard;

a memory unit coupled responsively to said control circuit, said memory unit having a medium for storage of information, said storage medium having structure which enables substantially random access to information stored in said medium for retrieval of the stored information from said storage medium;

at least one input, said input being connected to a user's audio/video program signal source and also being coupled to said memory unit so as to enable program information presented by the signal source to be transferred to and stored in said memory unit; and

at least one output, said output being connected to a user's audio or video display device or both, said output further being connected to said memory unit so as to enable the transfer of program in-

---

[1]   As relevant to this appeal, claim 1 is representative.

formation from said memory unit to the user's display device,

said control circuit being configured so that substantially simultaneous recording and playback of program information is achieved when

> said record key is first actuated to begin a recording by initiating storage of the broadcast program information in said memory unit, and

> said playback key is subsequently and *solely* actuated to begin time delay playback of the recording from the beginning thereof by initiating retrieval of the stored program information in said memory unit,

> with the interval of the time delay being the same as the time elapsed between the actuation of said record key and the subsequent actuation of said playback key.

*Id.* at col. 8 ll. 28–64 (emphasis and spacing added to highlight disputed claim limitation).

The Board found claims 1, 7–10, and 14 invalid as obvious over U.S. Patent No. 5,241,428 ("Goldwasser") and U.S. Patent No. 5,126,982 ("Yifrach"), and claims 2–4 and 13 invalid as obvious over Goldwasser, Yifrach, and another publication not relevant to this appeal.

Dragon appeals the Board's obviousness determinations. We have subject matter jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Dragon's argument on appeal centers on a single limitation in the independent claims. In relevant part, claim 1 recites a "control circuit" with a "playback key" that is "*solely* actuated" to begin the time-delay playback of a

specific recording. '444 patent col. 8 ll. 53–62 (emphasis added).

Dragon argues that the Board failed to meaningfully address the "solely" limitation in its Final Written Decision, and that the record is devoid of substantial evidence to support the Board's finding that the prior art teaches the "solely" limitation. In response, Dish argues that Dragon waived its arguments on the "solely" limitation. We address Dish's waiver argument first, followed by Dragon's non-obviousness arguments.

Dish argues that by not presenting arguments specific to the "solely" limitation prior to the oral hearing before the Board, Dragon abandoned this argument and cannot raise it on appeal. We disagree. While the "solely" limitation was not the only focus of Dragon's arguments prior to oral hearing, the limitation was raised as part of Dragon's broader arguments directed to the "control circuit" and the "playback key." For example, Dragon argued in its Patent Owner's Response before the Board that the Goldwasser/Yifrach combination fails to teach or suggest the "control circuit" of claim 1, which, "[i]n particular," is "configured to achieve 'substantially simultaneous recording and playback' when . . . the 'playback key is subsequently and *solely* actuated to begin time delay playback of the recording from the beginning thereof.'" J.A. 1167 (emphasis added). Also, when Dragon presented arguments specific to the "solely" limitation during oral hearing before the Board, neither the Board nor Dish treated the argument as a new argument. Indeed, Dish did not argue waiver; nor did the Board find waiver. Moreover, the Board decided the issue on the merits in its decision. For these reasons, we reject Dish's waiver argument.[2]

---

[2]    We deny Dish's motion for sanctions under Rule 38 for the same reasons.

We next consider Dragon's arguments challenging the Board's obviousness determination. Obviousness under § 103 is a mixed question of law and fact. *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1363 (Fed. Cir. 2016). We review the Board's ultimate obviousness determination de novo and underlying factual findings for substantial evidence. *Id.* "Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence," meaning that "[i]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re NuVasive, Inc.*, 842 F.3d 1376, 1379–80 (Fed. Cir. 2016) (internal quotation marks and citations omitted).

Dragon argues that the record lacks sufficient substantial evidence "to find [the 'solely' limitation] satisfied." Appellant Br. 19. Specifically, Dragon argues that Goldwasser alone does not teach the "solely" limitation, and that the Board and Dish did not rely on Yifrach for the "solely" limitation.

We agree with Dragon that Goldwasser alone does not teach the "solely" limitation. Goldwasser teaches a simultaneous recording and playback device that addresses the scenario in which a viewer watching a program "must temporarily cease watching it" to, for example, "take a telephone call or the like," and would like to "record the program from that point forward, complete the telephone call," and then "watch the remainder delayed by the length of time of the interruption." *Goldwasser* at col. 1 ll. 43–53. Although Goldwasser teaches a user control panel to control its recording and playback functions, Goldwasser does not describe the control panel in detail and therefore does not teach whether a playback key is "solely" depressed to enable playback.

Goldwasser as modified by Yifrach, however, renders the "solely" limitation obvious. Yifrach teaches a radio receiver and buffer system that "enables the listener not

only to hear the radio broadcasts in a real-time manner, but also to freeze a portion of the broadcast for later playback whenever desired." *Yifrach* at col. 4 ll. 15–18. The Yifrach system includes a logic circuit "controlled by two depressible buttons"—a Freeze button and a Playback button. *Id.* at col. 4 ll. 27–29. Depressing the Freeze button starts a recording, while depressing the Playback button causes playback of the recording that had been "'frozen' by depressing the Freeze button." *Id.* at col. 4 ll. 63–68. In teaching the use of only one button to "select the Playback Mode," *id.*, Yifrach teaches that the Playback button is "solely" depressed to begin playback of the recording.

We disagree with Dragon's contention that the Board and Dish did not rely on Yifrach in their analysis of whether the prior art teaches the "solely" limitation. Contrary to Dragon's contention, the Board specifically found that the "solely" limitation was taught by the combination of Goldwasser and Yifrach. *See, e.g.*, *Dish Network L.L.C.*, No. IPR2015-00499, 2016 WL 3268756, at *8 (PTAB June 15, 2016). Indeed, the Board stated:

> Goldwasser's address controller, *when viewed in light of Yifrach's two-button interface* and Goldwasser's user control panel, would have taught one of ordinary skill in the art a control circuit configured to allow for simultaneous recording when the record key is actuated to begin a recording and playback when the playback key is subsequently and *solely* actuated to begin playback.

*Id.* (emphases added). Similarly, Dish relied on Yifrach in its petition when addressing the "solely" limitation. *See, e.g.*, J.A. 88–90 (citing *Yifrach* at col. 4 l. 46 – col. 5 l. 6, and Figure 2); J.A. 91 (concluding that "[implementing] Goldwasser's control panel 50 as 'a keyboard having a record key and a playback key'" would be obvious based in

part on the assertion that "Yifrach discloses a keyboard with a separate key to record and playback recorded program information").

Dragon also argues that the Board failed to meaningfully address the "solely" limitation in its obviousness analysis. We disagree. The Board in several instances explained that Goldwasser in view of Yifrach teaches the claimed playback key or two-button interface. In doing so, the Board used the term "playback key" as shorthand to refer to an entire claim element, which includes the "solely" term, and states: "said playback key is subsequently and *solely* actuated to begin time delay playback of the recording from the beginning thereof by initiating retrieval of the stored program information in said memory unit." '444 patent col. 8 ll. 57–61. Therefore, in addressing the "playback key," the Board also addressed the "solely" limitation.[3] *See, e.g., Dish*, 2016 WL 3268756, at *6 (finding that in Yifrach, recorded material may be "played back when the user depresses the playback button" and "Yifrach's playback and freeze keys combined with Goldwasser's simultaneous recording and playback would have taught one of ordinary skill in the art the claimed 'keyboard having a record key and a playback key'").

We also read the Board's discussion of Yifrach's two-button interface as addressing the "solely" limitation, since depressing Yifrach's freeze button starts a recording and depressing Yifrach's playback button starts playback of that recording. *See, e.g., id.* ("Yifrach is a reference

---

[3]    The Board's treatment of the "solely" limitation as part of the "playback key" limitation is consistent with Dragon's own treatment of the limitation. *See* J.A. 1163–72 (discussing the "solely" limitation only as a part of its arguments on "control circuit" and "keyboard having a record key and a playback key").

that uses such a two-button interface."); *id*. at *8 ("We find that Goldwasser's address controller, when viewed in light of Yifrach's two-button interface and Goldwasser's user control panel, would have taught one of ordinary skill in the art a control circuit configured to allow for simultaneous recording when the record key is actuated to begin a recording and playback when the playback key is subsequently and solely actuated to begin playback."); *id*. ("Petitioner's ground is directed to implementing Goldwasser's user control panel with a two-button user interface as described in Yifrach."). For these reasons, we reject Dragon's argument that the Board failed to meaningfully address the "solely" limitation.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the Board's obviousness determinations as to claims 1–4, 7–10, 13, and 14.

## AFFIRMED

## COSTS

No costs.